AO 247 (Rev. 08/14) ALSD  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

| United States of America | ) | | |
|---|---|---|---|
| v. | ) | | |
| CHARLES WILLIAM STOKES | ) | Case No: | 06-0143-WS |
| | ) | USM No: | |
| Date of Original Judgment: | ) | | |
| Date of Previous Amended Judgment: _____ | ) | _____ | |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* | |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(Complete Parts I and II of Page 2 when motion is granted)*

**ADDITIONAL COMMENTS**

On February 27, 2015, the Court entered an Order (doc. 207) denying Stokes' first 18 U.S.C. 3582(c)(2) motion based on Amendment 782.  The critical finding of the February 27 Order was that "Stokes's base offense level has not changed.  Because Amendment 782 does not change the calculations used to fix Stokes's guideline range, no reduction of sentence is appropriate under 18 U.S.C. 3582(c)(2)."  Case law is legion for the proposition that 3582(c)(2) relief is unavailable if the retroactive amendment does not actually lower the defendant's guideline range.  See, e.g., United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012) ("[w]here a retroactively applicable guideline amendment ... does not alter the sentencing range upon which his or her sentence was based, s 3582(c)(2) does not authorize a reduction in sentence"); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012) ("a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case").  Thus, Stokes in ineligible for 3582(c)(2) sentencing relief.  The renewed 3582(c)(2) motion filed by Stokes on February 4, 2016 is denied, notwithstanding his completion of the Residential Drug Abuse Program and his welding apprenticeship, because Amendment 782 does not have the effect of lowering his guideline range.  See USSG 1B1.10(a)(2)(B).

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: February 11, 2016                                s/ WILLIAM H. STEELE
                                                                                  *Judge's signature*

Effective Date: _____                                    CHIEF UNITED STATES DISTRICT JUDGE
*(if different from order date)*                                 *Printed name and title*